CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 04 2015

JULIA DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY JAMES MORRIS, | ) | CASE NO. 7:15CV00519 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JOHN WOODSON, WARDEN, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Larry James Morris, a Virginia inmate proceeding pro se, filed a post-conviction pleading, which the United States District Court for the Eastern District of Virginia construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The Eastern District then transferred the action to this court, because Page County Circuit Court, where the challenged conviction occurred, is located here. Based on Morris' objection to the construction of his pleading as a § 2254 petition, the court will summarily dismiss the action without prejudice.

By order entered October 8, 2015, the court granted Morris an opportunity to elect whether or not he objects to the court's construction of his post-conviction motion as a § 2254 petition. See Castro v. United States, 540 U.S. 375, 377 (2003); Rivenbark v. Virginia, 305 F. App'x 144, 145 (4th Cir. 2008) (recognizing application of Castro requirements to pro se motions or petitions construed as § 2254 petitions). In so doing, the court advised Morris to consider particularly 28 U.S.C. § 2244(d) (setting time limit for petitioner to file a § 2254 petition) and 28 U.S.C. § 2244(b) (requiring petitioner to obtain certification from the court of appeals in order to file a second § 2254 petition). The court advised Morris that his submission appeared to be untimely filed as a § 2254 petition and directed him to submit within ten days any objection to the construction of his pleading as a § 2254 petition.

In response to the order of October 8, Morris unequivocally objects to having his petition considered as one filed under § 2254. Morris bases his objection on the nature of his claim, which is that the trial court had no "jurisdiction to accept the Alford plea" and that the criminal judgment is thus void under state law. (ECF No. 6, at 1.) As relief, Morris urges that instead of addressing his claims under § 2254, this court should "accept this objection and remand this case back to the Circuit Court and require them to ad[d]ress the jurisdictional issues. . . ." (Id. at 2.)

Other than § 2254, the court finds no statutory authority under which to consider the validity of Morris' confinement under a state court judgment. Because Morris objects to the construction of his pleading as a § 2254 petition, the court will dismiss the action without prejudice. An appropriate order will enter this day. Morris is advised that this disposition leaves him free to pursue his jurisdictional challenge in the appropriate state court, to the extent that state law allows such a challenge.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 4th day of November, 2015.

*/s/ Glen Conrad*
Chief United States District Judge

2